IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 05-cv-02675-REB-PAC

LOUIS E. RIVELLI,

    Plaintiff,

v.

CHROMA MEDICAL, INC. n/k/a CHROMA MEDICAL SYSTEMS, INC.,

    Defendant.

_____

### ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN AND MOTION FOR ENTRY OF JUDGMENT

_____

**Blackburn, J.**

The matters before me are (1) **Plaintiff Louis E. Rivelli's Motion to Reopen Administratively Closed Civil Action For Good Cause** [#15] filed July 3, 2006; and (2) **Plaintiff Louis E. Rivelli's Motion for Entry of Judgment** [#16], filed July 3, 2006. I grant both motions.

On February 21, 2006, this matter was administratively closed on the joint motion of the parties following notification that they had reached a settlement agreement. (*See* Order [#14], filed February 21, 2006.) Pursuant to the terms of the settlement, defendant was to pay plaintiff in monthly installments. Defendant made the initial installment payment of $4,000 and two subsequent payments of $2,000 each, but has failed to make any installment payment since May, 2006. On June 22, 2006, as required the terms of the settlement agreement, counsel for plaintiff notified counsel for defendant that defendant was in default of its obligations under the agreement and had

ten days in which to cure its default, but defendant did not cure the default. Under the terms of the parties' agreement, such an uncured default constitutes good cause to reopen the case, allows plaintiff to file a motion to reopen, and entitles plaintiff to "the immediate entry of judgment in the amount of the Principal Balance . . . as of the date of the default." (Plf. Motion for Entry of Judgment App., Exh. A at 3, ¶ 8(c).) As provided by the settlement agreement, defendant does not contest the present motion (*id.*), other than to point out that the interest rate on the amount of the judgment is five percent under the terms of the agreement, not the statutory rate of eight percent prayed for in the motion for entry of judgment (*id.*, Exh. A. at 2, ¶ 2(a)).

It appearing to the court that the factual matters set forth in the motions are true, correct, and uncontested, that good cause exists to reopen the case, and that defendant is in default of its obligations under the terms of the settlement agreement, plaintiff's motion to reopen and motion for entry of judgment will be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff Louis E. Rivelli's Motion to Reopen Administratively Closed Civil Action For Good Cause** [#15] filed July 3, 2006, is **GRANTED**;

2. That **Plaintiff Louis E. Rivelli's Motion for Entry of Judgment** [#16], filed July 3, 2006, is **GRANTED**;

3. That the Clerk of the Court is **DIRECTED** to reopen this case as contemplated by D.C.Colo.LCivR 41.2;

4. That judgment **SHALL ENTER** on behalf of plaintiff, Louis E. Rivelli, and against defendant, Chroma Medical, Inc. n/k/a Chroma Medical Systems, Inc.;

5.  That plaintiff is **AWARDED** judgment in the principal amount of $82,950.71 plus simple interest at the rate of five percent (5%) per annum on the amount due from the date of this judgment until the judgment is paid in full.

Dated July 24, 2006, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge